IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| NORMA DEADMOND,<br><br>                Plaintiff,<br>v.<br><br>DLC MANAGEMENT CORP., and<br>DOLLAR TREE STORES, INC.<br><br>                Defendants.<br>_____<br>DOLLAR TREE STORES, INC.<br><br>                Cross-Claimant,<br>v.<br><br>DLC MANAGEMENT CORP.,<br><br>                Cross-Defendant.<br>_____<br>DOLLAR TREE STORES, INC.<br><br>                Third-Party Plaintiff,<br>v.<br><br>FAIRVIEW HEIGHTS<br>IMPROVEMENTS, LLC,<br><br>                Third-Party Defendant.<br><br>**Serve:**    National Registered Agents Inc.<br>            208 So LaSalle St., Suite 814<br>            Chicago, IL 60604<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>          USDC Case No.:  3:16-cv-797<br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>ANSWER, AFFIRMATIVE DEFENSES,</u><br><u>CROSS-CLAIMS, AND THIRD-PARTY COMPLAINT</u>

Defendant Dollar Tree Stores, Inc., for its Answer and Affirmative Defenses to Plaintiff's

Complaint, its Cross-Claims against DLC Management Corp., and Third-Party Complaint

against Fairview Heights Improvements, LLC, states as follows:

1.      All allegations of fact and conclusions of law contained in Plaintiff's Complaint are denied, except those specifically admitted herein.

2.      Defendant is without knowledge sufficient to form a belief as to the truth of allegations of fact and conclusions of law contained in paragraph 1 of Plaintiff's Complaint; therefore, it denies same.

3.      Defendant admits the allegations of fact contained in paragraphs 2 and 3 of Plaintiff's Complaint.

4.      Defendant is without knowledge sufficient to form a belief as to the truth of allegations of fact and conclusions of law contained in paragraphs 4, 5, 6, and 7 of Plaintiff's Complaint; therefore, it denies same.

5.      Defendant denies the allegations of fact and conclusions of law contained in paragraph 8 of Plaintiff's Complaint.

## Count I

Defendant Dollar Tree Stores, Inc. for its Answer to Count I of Plaintiff's Complaint, states as follows:

6.      For its response to paragraph 9 of Count I of Plaintiff's Complaint, Defendant realleges its above responses to paragraphs 1 through 8 of Plaintiff's Complaint, as if fully set forth herein.

7.      Insofar as the allegations contained in Count I of Plaintiff's Complaint are not directed to Defendant Dollar Tree Stores, Inc., Defendant does not address the same.

8.      If any allegations contained Count I of Plaintiff's Complaint are found to be directed to Defendant Dollar Tree Stores, Inc., Defendant denies each and every allegation of fact and conclusion of law contained therein.

**WHEREFORE**, having fully responded to Count I of Plaintiff's Complaint, Defendant Dollar Tree Stores, Inc. prays that this Court dismiss same, for its costs herein expended, and for such other and further relief as this Court may deem just and proper.

## Count II

Defendant Dollar Tree Stores, Inc., for its Answer to Count II of Plaintiff's Complaint, states as follows:

9.    For its response to paragraph 15 of Count II of Plaintiff's Complaint, Defendant realleges its above responses to paragraphs 1 through 14 of Plaintiff's Complaint, as if fully set forth herein.

10.    Insofar as the allegations contained in Count II of Plaintiff's Complaint are not directed to Defendant Dollar Tree Stores, Inc., Defendant does not address the same.

11.    If any allegations contained Count II of Plaintiff's Complaint are found to be directed to Defendant Dollar Tree Stores, Inc., Defendant denies each and every allegation of fact and conclusion of law contained therein.

**WHEREFORE**, having fully responded to Count II of Plaintiff's Complaint, Defendant Dollar Tree Stores, Inc. prays that this Court dismiss same, for its costs herein expended, and for such other and further relief as this Court may deem just and proper.

## Count III

Defendant Dollar Tree Stores, Inc., for its Answer to Count III of Plaintiff's Complaint, states as follows:

12.    For its response to paragraph 21 of Count III of Plaintiff's Complaint, Defendant realleges its above responses to paragraphs 1 through 20 of Plaintiff's Complaint, as if fully set forth herein.

13.    Defendant denies the allegations of fact and conclusions of law contained in paragraph 22 of Count III of Plaintiff's Complaint.

14.    Defendant admits that it acted reasonably and in accordance with any applicable legal duty under the relevant circumstances at all relevant times. Except as expressly admitted herein, Defendant denies the remaining allegations of fact and conclusions of law contained in paragraph 23 of Count III of Plaintiff's Complaint.

15.    Defendant denies the allegations of fact and conclusions of law contained in paragraphs 24, 25 (including each subpart), and 26 of Count III of Plaintiff's Complaint.

**WHEREFORE**, having fully responded to Count III of Plaintiff's Complaint, Defendant Dollar Tree Stores, Inc. prays that this Court dismiss same, for its costs herein expended, and for such other and further relief as this Court may deem just and proper.

## Count IV

Defendant Dollar Tree Stores, Inc., for its Answer to Count IV of Plaintiff's Complaint, states as follows:

16.    For its response to paragraph 27 of Count IV of Plaintiff's Complaint, Defendant realleges its above responses to paragraphs 1 through 26 of Plaintiff's Complaint, as if fully set forth herein.

17.    Defendant denies the allegations of fact and conclusions of law contained in paragraphs 28, 29, 30, 31 (including each subpart), and 32 of Count IV of Plaintiff's Complaint.

**WHEREFORE**, having fully responded to Count IV of Plaintiff's Complaint, Defendant Dollar Tree Stores, Inc. prays that this Court dismiss same, for its costs herein expended, and for such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Defendant Dollar Tree Stores, Inc., for its First Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.      Plaintiff fails to state a cause of action and generally fails to state a claim upon which relief may be granted, for one or more of the following reasons:

(a) Defendant owed no duty to Plaintiff under the relevant circumstances and times; and/or

(b) The condition as described in Plaintiff's Complaint, if present as alleged by Plaintiff, would have been both open and obvious to Plaintiff and therefore giving rise to no duty on the part of this Defendant.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. requests that Plaintiff's Complaint be dismissed, for Defendant's costs herein expended, and for whatever other and further relief as the Court deems just and proper.

### Second Affirmative Defense
### (Plaintiff's Contributory/Comparative Negligence)

Defendant, for its Second Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.      At the time and place alleged in Plaintiff's Complaint, it was then and there the duty of Plaintiff to exercise and use ordinary care for her own safety.

2.      Notwithstanding that duty, upon information and belief, Plaintiff was negligent and careless in one or more of the following respects:

(a) Plaintiff failed to keep a careful lookout and careful watch towards the area where she was stepping and placing her feet;

(b) Plaintiff failed and omitted to maintain a lookout and careful watch for any uneven concrete pavement, if present, as alleged by Plaintiff where she was walking, and stepping and placing her feet;

(c) Plaintiff negligently and carelessly walked, stepped and placed her feet in such a manner as to cause herself to fall;

(d) Plaintiff negligently and carelessly failed and omitted to step and place her feet in such a manner as to avoid falling in the area where she was walking;

(e) Plaintiff failed to avoid stepping on any uneven concrete pavement, if present, that was open and obvious;

(f) Plaintiff was inattentive and distracted where she was walking, and stepping and placing her feet;

(g) Plaintiff failed to see what she should have seen;

(h) Plaintiff failed to protect herself from the alleged uneven concrete pavement;

(i) Plaintiff failed to wear the appropriate footwear;

(j) Plaintiff failed to undertake reasonable caution while walking even though she knew, or should have known, that failure to do so posed a risk of injury;

(k) Plaintiff failed to protect herself from an alleged condition that was known to Plaintiff even though she knew, or should have known, that failure to do so posed a risk of injury;

(l) Plaintiff acted in a manner when she knew, or should have known, in the exercise of reasonable care, that her actions would result in her falling; and/or

(m) Plaintiff acted in a manner that was otherwise careless and negligent.

3.    One or more of the aforesaid acts of negligence of Plaintiff were a proximate and contributing cause of the accident and/or injuries alleged in Plaintiff's Complaint, and therefore, a proximate cause of her own injuries and damages, if any.

4.    Any injuries or damages sustained by Plaintiff were the direct and proximate result of her own contributory fault or negligence wherein her own fault or negligence is more than 50%. As a result, Defendant is entitled to be dismissed with its costs pursuant to 735 ILCS 5/2-1116.

5.      In the alternative, if the trier of fact finds that the contributory fault on the part of Plaintiff is not more than 50% of the proximate cause of her alleged injuries, any damages allowed should be diminished in proportion to the amount of fault attributable to Plaintiff, pursuant to 735 ILCS 5/2-1116.

6.      Alternatively, in the event of an adjudication of the issues in this case, whereby Plaintiff's contributory fault is adjudged 50% or less of the proximate cause of the injury or damage for which recovery is sought, Defendant requests a determination of comparative fault of Plaintiff, Defendant DLC Management Corp., Third-Party Defendant Fairview Heights Improvements, LLC, Defendant Dollar Tree Stores, Inc., and any other party, and for an appropriate reduction of Defendant Dollar Tree Stores, Inc.'s responsibility for the payment of damages that may be awarded to Plaintiff pursuant to Sections 2-1116 and/or 2-1117 of the Illinois Code of Civil Procedure.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. prays this Court to enter judgment in its favor due to Plaintiff's negligence being greater than 50% at fault for causing the accident alleged in Plaintiff's Complaint or, in the alternative, for an appropriate reduction of Defendant Dollar Tree Stores, Inc.'s responsibility for the payment of damages that may be awarded to Plaintiff after a determination of the comparative fault of Plaintiff, Defendant Dollar Tree Stores, Inc., Fairview Heights Improvements, LLC, and any other party.

**Third Affirmative Defense**
**(Failure to Mitigate Damages)**

Defendant Dollar Tree Stores, Inc., for its Third Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.      At the time and place alleged in Plaintiff's Complaint, it was then and there the duty of Plaintiff to mitigate her alleged damages from the accident alleged in Plaintiff's Complaint.

2.      Notwithstanding that duty, upon information and belief, Plaintiff failed to mitigate her alleged damages in one or more of the following respects:

(a) Plaintiff failed to use reasonable efforts to obtain and/or seek medical treatment and/or rehabilitation and/or employment;

(b) Plaintiff failed to secure timely medical attention;

(c) Plaintiff failed to exercise due care in obtaining medical care;

(d) Plaintiff acted in a manner which resulted in excessive medical treatment for her purported injuries; and/or

(e) Plaintiff treated pre-existing conditions.

3.      Defendant reserves the right to supplement and add to its stated affirmative defenses as discovery continues and additional facts become available.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. prays this Court to enter judgment in favor of Defendant, or reduce Plaintiff's damages due to Plaintiff's failure to mitigate her damages caused by the accident alleged in Plaintiff's Complaint, for Defendant's costs herein expended, and for whatever other and further relief as the Court deems just and proper.

**Fourth Affirmative Defense**
**(Failure to Avoid Open and Obvious Danger)**

Defendant Dollar Tree Stores, Inc., for its Fourth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.      Plaintiff's Complaint is barred, in whole or in part, because at the time and place alleged in Plaintiff's Complaint, any uneven concrete pavement alleged to have caused injury to Plaintiff was both open and obvious, if present.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. prays this Court to enter judgment in its favor because the accident alleged in Plaintiff's Complaint was the result of an open and obvious danger, for Defendant's costs herein expended, and for whatever other and further relief as the Court deems just and proper.

**Fifth Affirmative Defense**
**(Independent, Intervening, Superseding, and/or Sole Cause)**

Defendant Dollar Tree Stores, Inc., for its Fifth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.      At the time and place alleged in Plaintiff's Complaint, the action of Plaintiff, Defendant DLC Management Corp., Third-Party Defendant Fairview Heights Improvements, LLC, or some other third party was an independent, intervening, superseding, and/or sole cause of the accident alleged in Plaintiff's Complaint, for which Defendant is neither liable nor responsible.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. prays this Court enter judgment in its favor due to Plaintiff, Defendant DLC Management Corp., Third-Party Defendant Fairview Heights Improvements, LLC, or some other third party's acts being an independent, intervening,

superseding, and/or sole cause for the accident alleged in Plaintiff's Complaint or, in the alternative, for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff after a determination of the comparative fault among the parties.

**Sixth Affirmative Defense**
**(Several Liability Pursuant to 735 ILCS 5/2-1117)**

Defendant Dollar Tree Stores, Inc., for its Sixth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.      Pursuant to 735 ILCS 5/2-1117, should the trier of fact determine the fault of any Defendant (which any fault is hereby expressly denied by Defendant Dollar Tree Stores, Inc.) to be less than 25% of the total fault attributable to Plaintiff, the Defendants sued by Plaintiff, and any Third Party Defendant who could have been sued by Plaintiff, said Defendant shall be severally liable for all non-medical and non-medically related damages whether in favor of Plaintiff.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. prays that in the event that it is found by the trier of fact to be less than 25% of the total fault for the accident that is the subject of Plaintiff's Complaint (which any fault is hereby expressly denied), that the Court order that Defendant Dollar Tree Stores, Inc. be severally liable for all non-medical and non-medically related damages of Plaintiff.

**Seventh Affirmative Defense**
**(Set-Off)**

Defendant Dollar Tree Stores, Inc., for its Seventh Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

1.    Defendant is entitled to set-off against any adverse judgment entered against any of them for the full amount/value of any money of in kind benefit paid in settlement before or after the initiation of this lawsuit, if any, by any alleged putative tortfeasor, joint or otherwise.

**WHEREFORE**, Defendant Dollar Tree Stores, Inc. prays for a set-off and/or reduction of any judgment in favor of Plaintiff as to the full amount/value of any money of in kind benefit paid in settlement before or after the initiation of this lawsuit, if any, by any alleged putative tortfeasor, joint or otherwise.

**(Incorporation of Further Affirmative Defenses)**

Defendant Dollar Tree Stores, Inc. incorporates herein by reference each and every further affirmative defense identified and/or made known through discovery.

## CROSS-CLAIMS AND THIRD-PARTY COMPLAINT

Defendant/Cross-Claimant/Third-Party Plaintiff Dollar Tree Stores, Inc. ("Dollar Tree"), for its Cross-Claims and Third-Party Complaint against Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC, states as follows:

1.    Upon information and belief, Defendant/Cross-Defendant DLC Management Corp. was at all times relevant a New York corporation in good standing with its principal place of business in New York; therefore Defendant/Cross-Defendant DLC Management Corp. is a citizen of New York.

2.      Upon information and belief, Third-Party Defendant Fairview Heights Improvements, LLC was at all times relevant a Delaware limited liability company in good standing with none of its members domiciled in Illinois or having their principal place of business in Illinois.

3.      Upon information and belief, Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC transact business in the state of Illinois.

4.      Dollar Tree was at all times relevant a Virginia corporation in good standing, with its principal place of business in Virginia; therefore Dollar Tree is a citizen of Virginia.

5.      Upon information and belief, at all times relevant herein, Plaintiff was a resident of St. Clair County, Illinois; therefore Plaintiff is a citizen of Illinois.

6.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

7.      Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties.

8.      Personal jurisdiction exists because the systematic and consistent activities of Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC occurred in this District, where they transacted business from which these actions arise.

### Count I – Express Contractual Indemnity

Dollar Tree, for Count I of its Cross-Claims and Third-Party Complaint against Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC, states as follows:

9.      Dollar Tree realleges and incorporates herein by reference paragraphs 1 through 8 of its above Cross-Claims and Third-Party Complaint as if fully set forth herein.

10.     Plaintiff filed her action against Dollar Tree for allegedly failing to maintain an area of uneven concrete pavement outside the Dollar Tree; for allegedly failing to repair said uneven concrete pavement; and failing to warn Plaintiff of the presence of said uneven concrete pavement. *See* Plaintiff's Complaint.

11.     On or about July 13, 2012, Dollar Tree renewed its Lease Agreement dated August 29, 2002 with Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC.

12.     Dollar Tree has performed its obligations under the Lease Agreement and has fully complied with all conditions precedent to its obligations under the Lease Agreement.

13.     Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC has/have the liability and obligations of the "Landlord" under the Lease Agreement.

14.     The Lease Agreement defines "Common Areas" as "the parking areas, roadways, pedestrian sidewalks, loading docks, delivery areas, landscaped areas, service courts, open and enclosed courts and malls, fire corridors, meeting areas, public restrooms, and all other areas or improvements which may be provided by Landlord for the common use of the tenants of the Shopping Center."

15.     The Lease Agreement provides "that Landlord shall operate, equip, light, repair, and maintain said Common Areas for their intended purposes in an efficient and economical manner."

16.     Section L(2) of the Lease Agreement states in pertinent part:

>      Indemnification by Landlord. Except to the extent caused by Tenant's negligence, Landlord will indemnify, defend and hold

13

Tenant and its agents harmless from and against all demands, claims, causes of action, damages, judgments, loss, cost, expense, and liability (including Tenant's reasonable attorney's fees and costs) resulting or occurring by reason of Landlord's breach of any representation and warranties made by Landlord contained in this Lease or Landlord's operation and maintenance of the Shopping Center and Common Areas.

17.    Upon information and belief, the alleged negligent maintenance, repair, and warning described in Plaintiff's Complaint all concern the above referenced responsibility of Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC pursuant to the Lease Agreement.

18.    Dollar Tree has denied and continues to deny liability for the injuries and damages set forth in Plaintiff's Complaint.

19.    In the unlikely event, however, that Dollar Tree is found liable in this action, then Dollar Tree is entitled to indemnification from Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC in an amount equal to any damages that may be awarded to Plaintiff.

20.    Demand has previously been made upon Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC to immediately agree to assume the defense and liability for the above lawsuit.

21.    However, to date Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC have not agreed to assume the defense for Dollar Tree and provide indemnity to Dollar Tree for this matter.

22.    In addition to the foregoing, Dollar Tree has and will suffer damages, including but not limited to, retaining attorneys to defend this action. Accordingly, Dollar Tree is entitled to an award of reasonable attorney fees and all other costs and expenses incurred in defense of this action.

**WHEREFORE**, Defendant/Cross-Claimant/Third-Party Plaintiff Dollar Tree Stores, Inc. prays that this Court enter judgment in its favor and against Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC in the amount of any judgment entered in favor of Plaintiff and/or others in this case; for its attorney fees, costs and expenses incurred in this action; and for such other and further relief as this Court may deem just and proper under the circumstances.

## Count II – Contribution

Defendant/Cross-Claimant/Third-Party Plaintiff Dollar Tree Stores, Inc. ("Dollar Tree"), for Count II of its Cross-Claims and Third-Party Complaint against Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC, states as follows:

23.     Dollar Tree realleges and incorporates herein by reference paragraphs 1 through 22 of its above Cross-Claims and Third-Party Complaint as if fully set forth herein.

24.     Plaintiff's Complaint was filed on or about May 10, 2016, alleging that Plaintiff sustained damages and/or injuries from an accident that occurred on March 23, 2015 while she purportedly tripped and fell on an area of uneven pavement outside of the Dollar Tree store described in Plaintiff's Complaint. *See* Plaintiff's Complaint.

25.     Plaintiff's Complaint avers that Dollar Tree's negligence caused the accident.

26.     Dollar Tree has denied that it was negligent in any wrongdoing for causing the injuries and damages alleged in this matter that is the subject of Plaintiff's Complaint.

27.     However, if Plaintiff is successful in obtaining a verdict concerning her alleged damages, Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC's negligence may cause Dollar Tree to be liable as joint tortfeasors for the alleged damages to Plaintiff.

28.     Upon information and belief, at the time and place alleged in Plaintiff's Complaint, it was then and there the duty of Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC to maintain the area of pavement on which Plaintiff and other members of the general public were required to walk in a reasonably safe condition so as not to cause injury to persons who were lawfully and rightfully on the premises alleged in Plaintiff's Complaint.

29.     Notwithstanding that duty, upon information and belief, Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC breached its duty of care and was negligent in one or more of the following respects:

    (a)     Permitting the uneven concrete pavement to remain unfilled or repaired;

    (b)     Failing to warn persons, including Plaintiff, of the presence of said uneven concrete pavement and the danger therefrom; and/or

    (c)     Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC were/was otherwise careless and negligent.

30.     One or more of the aforesaid acts of negligence of Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC were a proximate and contributing cause of the accident and/or injuries alleged in Plaintiff's Complaint and therefore a proximate cause of Plaintiff's injuries and damages, if any.

31.     At all relevant times, the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/.01, et seq., has been in effect in Illinois.

32.     Because Defendant/Cross-Defendant DLC Management Corp. and/or Third-Party Defendant Fairview Heights Improvements, LLC and Dollar Tree are potentially subject to

liability in tort to Plaintiff for injury and/or damages Plaintiff has allegedly suffered, there is a right of contribution among them pursuant to the Illinois Joint Tortfeasor Contribution Act.

      **WHEREFORE**, Defendant/Cross-Claimant/Third-Party Plaintiff Dollar Tree Stores, Inc. prays this Court to enter judgment in its favor and against Defendant/Cross-Defendant DLC Management Corp. and Third-Party Defendant Fairview Heights Improvements, LLC in such amount as Dollar Tree may pay in excess of its pro rata share of the common liability to Plaintiff herein, for its costs of suit, and for all such other and further relief to which it may be entitled.


       */s/ Patrick E. Foppe*

Patrick E. Foppe        #6282882
Kevin L. Fritz         #6295633
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939 (Telephone)
(314) 621-6844 (Facsimile)
pfoppe@lashlybaer.com
klfritz@lashlybaer.com

Attorneys for Defendant Dollar Tree Stores, Inc.


## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that a copy of the foregoing pleading was served via the Court's electronic filing system on July 15, 2016, upon:  Jay L. Kanzler, Jr., 2001 Big Bend Boulevard, St. Louis, MO  63117, Attorneys for Plaintiff.


       */s/ Patrick E. Foppe*